UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| H. HAROLD DENTON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:12-CV-114 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MIRANDA SHOPE, CATHY COLEMAN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court are Defendant Miranda Shope's and Defendant Cathy Coleman's ("Defendants") separate motions to dismiss (Court File Nos. 26, 29). Plaintiff H. Harold Denton, Jr. ("Plaintiff") originally filed a complaint in this court against Defendant Miranda Shope asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Court File No. 1). Subsequently, Plaintiff moved to amend his complaint (Court File No. 14), which Magistrate Judge Lee granted (Court File No. 21). In his amended complaint, Plaintiff added Defendant Cathy Coleman (Court File No. 23). Defendants then each filed a motion to dismiss for lack of subject matter jurisdiction (Court File Nos. 26, 29). Plaintiff informed the Court he will not oppose these motions. For the reasons given below, the Court **GRANTS** Defendants' motions (Court File Nos. 26, 29) and **DISMISSES** this case without prejudice.

Federal law limits a federal court's subject matter jurisdiction to cases in which a federal question exists, 28 U.S.C. § 1331; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986), or cases where there is complete diversity of parties and the amount in controversy exceeds $75,000,

28 U.S.C. § 1332.[1] Here, Defendants invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident of Texas and Defendant Shope is a resident of Alabama (Court File No. 1, Complaint, p. 1).[2] When Plaintiff amended his complaint on July 19, 2012, he added Defendant Cathy Coleman, a resident of Texas.

Complete diversity requires all parties joined in the lawsuit to be citizens of different states, and is determined at the time of the filing of the lawsuit. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). However, "where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint." *Id.* Where the parties are not completely diverse, the district court lacks subject matter jurisdiction and cannot hear the case. *Saginaw Housing Comm'n v. Bannum*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). Because Defendant Coleman and Plaintiff are residents of the same state, diversity was destroyed when Plaintiff amended his complaint to include Coleman as a defendant and the Court now lacks jurisdiction over this case.

For the reasons discussed above, the Court **GRANTS** Defendants' motions to dismiss (Court File Nos. 26, 29), and **DISMISSES** the case without prejudice.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Federal law also provides for jurisdiction over certain types of cases not implicated here. *See, e.g.*, 28 U.S.C. § 1333 (admiralty); 28 U.S.C. § 1334 (bankruptcy).

[2] At the time the case was removed to this Court, Defendant Coleman was not a party to the litigation.